**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **MASUMKHON UVAYSOV,**<br>Petitioner,<br>*v.*<br>**JAMAL L. JAMISON, et al.,**<br>Respondents. | **CIVIL ACTION**<br>**NO. 26-6403-KSM** |

**ORDER**

**AND NOW**, this 31st day of August, 2026, upon consideration of Petitioner Masumkhon Uvaysov's Petition for Writ of Habeas Corpus (Doc. No. 1) and the Government's Letter Response (Doc. No. 3), the Court finds[1] that this action is governed by the Third Circuit's decision in *Buele Morocho v. Warden Philadelphia FDC, et al.,* Nos. 26-1150, 26-1454, slip. op. (3d. Cir. Aug. 28, 2026). Accordingly, Petitioner's current detention violates the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. As such, it is **ORDERED** that the Petition is **GRANTED** as follows:

1. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and is instead subject to detention, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a).

[1] Respondents filed a one-page letter brief response to the Petition, conceding that "[t]he Court of Appeals recently rejected the government's reading of § 1225(b) in at least some circumstances and concluded that such noncitizens may not be detained without a bond determination." (Doc. No. 3 at 1 (citing *Buele Morocho*, Nos. 26-1150 & 26-1454).) Respondents do not provide any basis to differentiate this case from cases governed by *Buele Morocho*, and to the contrary, concede that "[t]his case appears to fall under the *Q. Li.* category of cases, where the Court has previously rejected the government's arguments." (*Id.*)

2. The Government shall **RELEASE** Petitioner from custody immediately. Counsel shall certify compliance with this Order by filing on the docket no later than **7:00 p.m.** on **August 31, 2026.**

3. The Government is temporarily enjoined from re-detaining Petitioner for seven days following his release from custody.

4. If the Government pursues re-detention of Petitioner after that seven-day period, it must first provide him with a bond hearing, at which an immigration judge shall determine whether detention is warranted pending the resolution of Petitioner's removal proceedings. Pending that bond hearing, the Government cannot remove, transfer, or otherwise facilitate the removal of Petitioner from the Eastern District of Pennsylvania before the ordered bond hearing. If the immigration judge determines that Petitioner is subject to detention under 8 U.S.C. § 1226(a), the Government may request permission from this Court to move Petitioner if unforeseen or emergency circumstances arise that require him to be removed from the District. Any such request must include an explanation for the request as well as the proposed destination. The Court will then determine whether to grant the request and permit transfer.

5. The Clerk of Court shall mark this matter **CLOSED** upon receipt of the certification of Government counsel discussed above.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

KAREN SPENCER MARSTON, J.